## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-20031-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

v.

MISELIE FRANCOIS,

      Defendant.

_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE is before the Court following an Order of Reference from the Honorable Cecilia M. Altonaga, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant Miselie Francois ("Defendant"). [ECF No. 9]. Based upon the change of plea hearing conducted on May 4, 2023, the undersigned makes the following findings and recommends that the guilty plea be accepted.

      1.     The undersigned advised Defendant of her right to have these proceedings conducted by Judge Altonaga, the District Judge assigned to the case, and that the undersigned was conducting the change of plea hearing pursuant to an Order of Reference from Judge Altonaga. I further advised Defendant that Judge Altonaga would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. I advised Defendant that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Altonaga. Defendant, who stated that she had discussed her right to have the hearing conducted by the District Judge with her attorney, and the Assistant United States Attorney consented on the record to the undersigned conducting the change of plea hearing.

2.     Defendant was placed under oath and appeared before the undersigned personally in open court. The plea colloquy was conducted in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3.     Defendant was advised of her rights as set forth in Federal Rule of Criminal Procedure 11(b)(1)(B)–(E), and she acknowledged that she understood those rights, discussed them with her counsel, and was knowingly and voluntarily waiving them.

4.     Defendant indicated she was knowingly and voluntarily pleading guilty to the Indictment filed in this case, which charges her with illegal reentry after removal, in violation of Title 8, United States Code, Section 1326(a). [ECF No. 4]. I advised Defendant that the maximum penalty the Court may impose is a sentence of two (2) years' imprisonment, followed by a term of supervised release of up to one (1) year. I further advised Defendant that, in addition to any term of imprisonment and supervised release, the Court may impose a fine of up to $250,000, and the Court will assess a mandatory special assessment of $100.00, which is due at the time of sentencing. Defendant acknowledged that she understood the possible penalties the Court may impose, including the maximum penalties, in addition to the potential for immigration consequences including deportation or removal.

5.     Defendant also acknowledged that she understood the Sentencing Guidelines and that she had discussed with her attorney the applicable guidelines range, as well as applicable departures.

6.     Defendant stated that her decision to plead guilty is voluntary and not the result of force, threats, or promises.

7.     To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. [ECF No. 14]. The Government established all the essential elements of the crime to which Defendant is pleading guilty. Defendant and her counsel agreed that the facts proffered by the Government satisfied all elements of the crime charged, and Defendant and her counsel agreed the Government had provided evidence in discovery that supports the facts proffered by the Government.

8.     The parties had agreed to certain terms for Defendant's plea but did not enter into a written plea agreement. I reviewed the terms agreed to by the parties on the record, including the following: Defendant will plead guilty to the Indictment, the parties agree to application of acceptance of responsibility and a two or three level reduction to Defendant's base offense level under the Sentencing Guidelines, and the Government will recommend a sentence of time served at the time of sentencing. There were no other agreements regarding application of the Sentencing Guidelines or other enhancements or reductions that may be raised by the United States Probation investigation.

9.     Defendant acknowledged that she is satisfied with her attorney and that she has had a full opportunity to discuss all facets of her case with her attorney.

10.     Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

11.     Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered her guilty plea to the Indictment filed in this case, as more

particularly described herein, and that Defendant be adjudicated guilty of the offense as charged.

12.     A pre-sentence investigation report will be prepared for the District Court by the United States Probation Office. The sentencing has been set by the District Court by separate Order. [ECF No. 15].

The parties will have five (5) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 5th day of May, 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *Chief U.S. District Judge*
Counsel of Record